# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WARREN G. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 459 |
| | ) |
| GLEN ELLYN STORAGE CORP., | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendant Glen Ellyn Storage Corp. to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Pro se Plaintiff, a former employee of Defendant, has filed this lawsuit alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Although the Complaint is somewhat vague, Plaintiff appears to be alleging causes of action for age discrimination, disability discrimination, race discrimination, and retaliation.

The following facts are taken from Plaintiff's Complaint and the EEOC charges and EEOC Intake Questionnaire which are attached to the Complaint. On November 20, 2007, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant. On the EEOC charge form, Plaintiff checked the boxes "race" and "retaliation." In the description of his claim Plaintiff states that he was "subjected to racial harassment," that he complained about it, and that thereafter he was "not scheduled to work." In the description, he also states that he believes he has been discriminated against because of his age, 44, and retaliated against in violation of the

Age Discrimination and Employment Act of 1967. No dates or details of the alleged age or disability discrimination are provided in the EEOC charge.

In the EEOC Intake Questionnaire, Plaintiff states that on October 8, 2007 and October 22, 2007 he was called a "fucking nigga" by co-employee Baltazar. He states he was also told not to go into the lunch area because he might steal something. Plaintiff states that Baltazar told him: "[You] can't park in the same parking area as the non-black employees and I will get you fired, you fucking nigga. Fuck you." Plaintiff claims he contacted Sue Christensen, Defendant's Operations Manager, to complain of this conduct and that as a result, he was taken off the work schedule and his hours were reduced. Plaintiff also claims that Sue Christensen told him that "Baltazar is a crew chief" and "you need to listen to him."

In his Complaint in this action, Plaintiff alleges that based on these racial incidents, he has been discriminated against on account of his age, disability, color and race. (Complaint, ¶ 9.) In paragraph 12(f) he also charges retaliation.

## DISCUSSION

In ruling on a motion to dismiss, the Court must draw all reasonable inferences that favor the Plaintiff, construe all allegations of the Complaint in the light most favorable to the Plaintiff, and accept as true all well-pleaded facts and allegations in the Complaint. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). Under Fed.R.Civ.P. 8(a)(2), a Complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted that language to impose two minimal hurdles. First, the Complaint must describe the claim in sufficient detail to give the Defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007). Second, the

Complaint's allegations must plausibly suggest that the Plaintiff has a right to relief, raising that possibility above a speculative level. *Id.* at 1965. Furthermore, we note that because Plaintiff is proceeding pro se, we must construe his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

I. Age Discrimination Claim

We find that Plaintiff's age discrimination claim should be dismissed. Although Plaintiff does mention the phrase "age discrimination" in his EEOC charge and in his Complaint, there are no facts alleged to support a claim of discrimination based on his age. In the absence of direct evidence, an ADEA plaintiff must allege and prove that (1) he was in the protected group; (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action; and (4) non-protected employees were treated more favorably. *Knowitz v. Schnadig Corp.*, 965 F.2d 230, 233 (7th Cir. 1992).

In this case, Plaintiff has not alleged that he was performing his job satisfactorily or that non-protected employees were treated more favorably. There are simply no facts alleged in the Complaint or contained in the EEOC documents to show any discrimination based upon Plaintiff's age. For these reasons, we grant Defendant's motion to dismiss Plaintiff's age discrimination claim.

II. Disability Discrimination

Plaintiff's claim of discrimination based on disability likewise must be dismissed. Plaintiff does not mention disability discrimination in his EEOC charge at all. Moreover, we find that a claim of disability discrimination is not reasonably related to the content of the EEOC charge and is beyond the scope of the charge. *See Cheek v. Peabody Coal Company*, 97 F.3d 200, 202 (7th Cir. 1996). Simply put, there are no allegations contained in Plaintiff's Complaint

or in any of the attached EEOC documents to support a claim of disability discrimination. Therefore, Defendant's motion to dismiss Plaintiff's disability discrimination claim is granted.

   III.  Race Discrimination And Retaliation

Plaintiff next alleges claims of discrimination with regard to race and retaliation in violation of Title VII and 42 U.S.C. § 1981.  We find that Plaintiff has properly alleged claims of race discrimination and retaliation.

In his Complaint, Plaintiff alleges that he was suspended from the work schedule and retaliated against based on two separate racial incidents.  The basis of the racial incidents are detailed in the EEOC Intake Questionnaire, in which Plaintiff states that on October 8, 2007 and October 22, 2007 he was called a "fucking nigga" by co-employee Baltazar. He states he was also told not to go into the lunch area because he might steal something. Plaintiff further states that Baltazar told him: "[You] can't park in the same parking area as the non-black employees and I will get you fired, you fucking nigga. Fuck you." Finally, Plaintiff claims that he contacted Sue Christensen, Defendant's Operations Manager, to complain of this conduct and that as a result, he was taken off the work schedule and his hours were reduced.  Plaintiff further claims that Ms. Christensen told him that he should listen to Baltazar because he is a crew chief.

We find that Plaintiff has alleged enough to survive a motion to dismiss on these claims. While Defendant argues that the alleged racial comments are not attributable to Defendant because they were allegedly made by a co-worker and not a member of Defendant's management, an employer may be liable for a co-employee's remarks when the employer fails to take reasonable steps to discover and remedy the harassment.  *See Williams v. Waste Management of Illinois, Inc.*, 361 F.3d 1021 (7th Cir. 2003).

In this case, Plaintiff claims that he contacted Sue Christensen, Defendant's Operations

Manager to complain about the racial statements and was taken off the work schedule and had his hours reduced. Construing all facts in the light most favorable to Plaintiff, we believe that he has alleged causes of action for racial discrimination and retaliation.

For these reasons, we deny Defendant's motion to dismiss Plaintiff's claims of racial discrimination and retaliation.

## **CONCLUSION**

For the foregoing reasons, Defendant Glen Ellyn Storage Corporation's motion to dismiss Plaintiff's Complaint [#20] is granted in part and denied in part. The motion to dismiss is granted as to Plaintiff's claims of age discrimination and disability discrimination and denied as to Plaintiff's claims of race discrimination and retaliation.

Docket entry # 26 entitled "Plaintiff's motion to vacate the motion to dismiss" is treated by the Court as Plaintiff's response brief and, as such, docket entry # 26 is denied as moot. It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: January 7, 2009